McCORKLE v. WILLIAMS.

1. Administration Bond—Action—Parties.—While action may be brought in the Court of Common Pleas against an administrator and his sureties on their bond by either the probate judge or distributees under a decree of the Probate Court declaring the several amounts due to the distributees respectively, and a judgment in either case would be a bar to an action in the other, yet there is no misjoinder of parties plaintiff where the probate judge and the several distributees unite in bringing one action on the administration bond.

Before WATTS, J., York, April, 1894,

Action by W. H. McCorkle, as probate judge, Eliza P. Edwards, and Joseph Pratt against Grandison Williams, W. Holmes Hardin, and the executors of Jesse Williams, deceased, commenced May 30, 1892.

*Mr. Will A. Barber*, for appellant.

*Mr. G. W. S. Hart*, contra.

January 9, 1895. The opinion of the court was delivered by MR. JUSTICE GARY. Grandison Williams, appellant, was appointed administrator *de bonis non* of the estate of Henry Pratt, deceased, in the Court of Ordinary for York County on the 21st January, 1868. He then executed to the ordinary his bond as such administrator in the penal sum of $38,000, in the required form, with W. Holmes Hardin and Jesse Williams as sureties thereto. In 1891 the respondents, Eliza Edwards and Joseph Pratt, children of Henry Pratt, deceased, brought action against the said Grandison Williams, as such administrator, in the Court of Probate for York County, for an accounting, and demanding judgment for their respective shares of the estate of their father. By the decree rendered in that action, on the first day of August, 1891, it was determined that such share of Eliza Edwards was $10,692.74, and that of Joseph Pratt was $8,292.74, and that Grandison Williams, as such administrator, should pay them accordingly. Jesse Williams, surety as aforesaid, has died, and the appellants, Newton Williams and L. T. Grant, are his qualified executors.

This action is brought by Wm. H. McCorkle, as probate judge and successor to the ordinary, and by Eliza Edwards and Joseph Pratt, as the heirs at law of Henry Pratt, deceased. The complaint alleges, as the single breach of the said bond, that the said Grandison Williams, as administrator, and his codefendants, have failed to pay the said Eliza Edwards and Joseph Pratt the aforesaid amounts, adjudged to be paid them by the decree of the Probate Court for York County. It demands judgment for the whole penalty of the bond. The defendants first demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as

to all the plaintiffs, and there is a misjoinder of parties plaintiff, in that while it seeks to enforce the right of action of the plaintiffs as a joint one, and asks a joint relief, they have really each a seperate right of action, and are entitled only to a separate judgment against these defendants. The presiding judge overruled this demurrer. The defendants then demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as to the plaintiff, Wm. H. McCorkle, as probate judge, and that he is improperly joined as plaintiff, in that while it seeks to enforce the right of action of the plaintiffs as a joint one, and asks a joint relief, it shows that the plaintiff, Wm. H. McCorkle, has been improperly joined with the other plaintiffs because he has no right of action as probate judge, nor as the real party in interest, nor as being united in interest with the other plaintiffs, nor as having any interest in the subject matter of the action, and in obtaining the relief demanded. This demurrer was also overruled. From the orders of his honor, the presiding judge, overruling the demurrers, the defendants appealed to this court.

Section 132, Code, provides: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 134." Section 134 is as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." Section 138, Code, is as follows: "All persons having an interest in the subject matter of the action, and in obtaining the relief demanded, may be joined as plaintiff except as otherwise provided in this title." There is nothing in said title providing against the joinder of such plaintiffs as is herein made. Section 2018 Revised Statutes (1893), providing for suits on such bonds, uses this language: "The said bond shall be made payable to the probate judge of the county and his successors, *and may be sued by any person injured by the breach* of the condition," &c. (Italics ours.)

In the case of *Kaminer* v. *Hope*, 9 S. C., 253, the court decided that an action could be brought by the distributees as plaintiffs on the administration bond. The court in that case, after deciding that such action could be brought by the distributees, says: "At the trial, the court, in order to meet the objection that the action should be brought in the name of the proper officer, ordered the complaint amended by inserting the name of the judge of probate as plaintiff, to which the defendant excepted. According to the view we have taken, there was no necessity for such amendment. If, however, the effect of the amendment was merely the insertion of the name of the probate judge as a party plaintiff to have him present before the court, the act was immaterial." *Johnson* v. *Dawkins*, 20 S. C., 528, decides that the probate judge may bring such action. It thus appears that any person may sue upon such bond who is injured by the breach of its condition; that *distributees* have such interest as will sustain their action; that the *probate judge* has such interest as will sustain his action; and that all such persons having an interest in the subject and in obtaining the relief demanded, may be joined as plaintiffs in such action.

It is true, the interest of the probate judge is only in a representative character; nevertheless, it is such an interest as the law recognizes, and is sufficient to sustain such action when he sues alone. The cause of action of the probate judge and of the distributees is not several in its nature, but one and the same. If the probate judge had sued alone, and recovered judgment on the bond, the distributees would have been barred from bringing a second action thereon; and *vice versa*, if the distributees had recovered judgment on the bond, this would have barred an action thereon by the probate judge. On the subject of joinder of parties, see the well considered opinion of Mr. Justice Haskell, speaking for the court in the case of *Trimmier* v. *Thomson*, 10 S. C., 164.

It is the judgment of this court, that the orders appealed from be sustained, the appeal dismissed, and the cause remanded to the Circuit Court for Chester County.