### CARLISLE v. FARROW.

1. APPEAL.—Exceptions assigning error in findings of fact, or error of law based on findings of fact, will not be sustained where this Court is satisfied with the findings below.

2. JUDGMENT—ADMINISTRATORS AND EXECUTORS—LIMITATION OF ACTIONS —PARTIES.—A decree in probate court in 1882 adjudging an amount due a devisee by executrix, is admissible to show amount due devisee in an action by administrator of devisee against administrator of executrix, and in absence of evidence tending to show payment or any act manifesting an intention to terminate the trust statute of limitations do not apply; and administrator of devisee may sue administrator of executrix for amount due heirs of devisee.

Before WATTS, J., Spartanburg, March, 1905. Affirmed.

Action by H. B. Carlisle, administrator of Thos. Cheek, against Abner T. Farrow, administrator of Martha P. Cheek. The following is the report of J. J. Burnett, the master:

"This action was begun September 10, 1895. An order of reference was obtained August 19, 1895, referring it to L. R. Hill, the then master, to take testimony and hear and decide all the issues. It was about nine years thereafter before any reference was held. I do not know why the matter was allowed to stand so long.

"A brief history may not be inappropriate. Willis D.

Cheek died many years ago, the possessor of a considerable estate in Laurens County. He left surviving him his widow, Priscilla Cheek, and the following children, James M., Jchn P., William, Tucker, E. V., Thomas Cheek, Mary Taylor and L. C. Sherbert. Under Willis D. Cheek's will, the property was left to his widow during her life, except a tract of land known as the Poole place and any personal property that she would not want to keep for the use of the farm, which were to be sold and his debts paid, and after her death all the property was to be sold and equally divided among his children above named. His widow, Priscilla Cheek, was appointed executrix and his son, John P. Cheek, executor of his will. The will was probated and the executrix and executor qualified in November, 1849. Priscilla Cheek died in the year 1860, leaving the same heirs mentioned above except Tucker Cheek, who had predeceased her, leaving no children or heirs.

"After the death of his mother, John P. Cheek, the surviving executor, sold the property left undisposed of, as provided for in his father's will, the proceeds of which were to be divided equally among the children surviving.

"In the year 1863, John P. Cheek died, leaving a will by which his widow, Martha P. Cheek, was appointed executrix. That will was probated and the executrix qualified in August, 1863. She thereby became the executrix of the estate of Willis P. Cheek, deceased. In 1884, Martha P. Cheek died intestate, and Abner T. Farrow was appointed administrator of her estate in March, 1884. On the 21st day of February, 1895, H. B. Carlisle was appointed administrator of the estate of Thomas Cheek, who it was alleged had died suddenly during the Confederate war. This appointment was made by the probate court of Spartanburg County, S. C.

"This action is to recover the amount due the heirs of Thomas Cheek in the settlement of the estate of Willis D. Cheek, his father.

"The defendant pleads the statute of limitations, payment and want of capacity on the part of the plaintiff to bring the action, alleging that his appointment as administrator was null and void.

"Has the plaintiff the right to bring the action? If not, there need be no further consideration, that ending the matter. It appears from the records of the probate court that Mr. Carlisle filed his petition for appointment as administrator on January 31, 1895, through his attorneys, Munro & McCravy, Esqs. That the appointment was resisted by Abner T. Farrow, the defendant here, on the ground that Thomas Cheek never lived in nor owned any property in the county of Spartanburg, a plea to the jurisdiction of the Court, just the plea interposed here. Letters of administration were granted nevertheless on February 21st, 1895, and from that there seems to have been no appeal.

"In the view I take of it, it is not now an open question, but having gone unappealed from, it is final. It follows, therefore, that the plaintiff has the right to bring the action.

"As to the statute of limitations interposed by the plea here: In the year 1864, a settlement of the estate of Willis D. Cheek, deceased, was made by Martha P. Cheek, executrix of John P. Cheek, deceased, showing the amounts due the heirs at law and devisees of Willis D. Cheek, about $2,000 each. This settlement bears date March 1, 1864. This plaintiff here does not base his claim upon that settlement, but upon a subsequent one, and it is to that that we will give attention.

"On December 22, 1881, Martha P. Cheek, through her attorneys, petitioned the probate court of Laurens County for a final settlement, alleging that W. D. Cheek died testate, and that John P. Cheek was the duly qualified executor of his will; that John P. Cheek had died testate, and that she was the duly qualified executrix of his will, and by reason thereof, the executor, in law, of the will of W. D. Cheek. The kindred and creditors were called in and a settlement of

the W. D. Cheek estate was made on the 21st day of February, 1882, showing the amount due Thomas Cheek, among others, $267.03.

"On October 11th, 1882, a settlement of the estate of John P. Cheek was made by Martha P. Cheek, his executrix. Prior to that date, the heirs at law and devisees of W. D. Cheek had all been paid, except Mary Taylor and Thomas Cheek. In the settlement October 11, 1882, the amounts ascertained to be due Mary Taylor and Thomas Cheek respectively were $282.05. A decree for the payment of those amounts was then made. The settlements above referred to of the estates of W. D. and John P. Cheek were made upon the petition of Martha P. Cheek, who recognized her liability by paying off most of the heirs.

"It was stated in open court by plaintiff's attorneys that they asked the payment of the claim as evidenced by the settlement of October 11, 1882.

"How is that affected by the plea of the statute of limitations? The testimony as to the death of Thomas P. Cheek, when he died, is shadowy. Possibly the nearest that can be decided is that he died during the war, one of the witnesses says either in '63, '64, or '65. Plaintiff alleges that it was in 1865. The defendant, in his affidavit resisting administration of the estate, says that he believes Thomas Cheek died somewhere in the north during the war. It must have been prior to the October, 1882, settlement. That being so, against whom did the statute run? No administration was granted until 1895, at which time the action here was brought. Under the view I take of it, there is no place here for the statute, and that plea is overruled.

"The defendant, in his answer, further says that if any sum was ever due by Martha P. Cheek to any of the parties for whom this action is brought, the same has been paid. As to that, no evidence whatever was offered by him, and evidently he does not rely upon actual payment.

"The only other plea is that of a judgment upon same mat-

ters in 1884. That, as I understood it, was abandoned at the hearing.

"From the foregoing it appears that the plaintiff has established his claim and the amount is $282.05, with interest from October 11, 1882, just twenty-two years ago, making the amount due to-day $716.40."

From decree confirming Master's report, defendant appeals on the following grounds:

"1. Because the presiding Judge erred in overruling the first exception to the master's report, and in holding that the plaintiff was the legal representative of the estate of Thomas Cheek, and in not holding that the records from the probate court showed on their face that the probate court for Spartanburg County had no jurisdiction of the estate of said Thomas Cheek, or to appoint an administrator thereof—(*a*) In that the said record did not show that the said Thomas Cheek was ever a resident of Spartanburg County; (*b*) In that the said record does not show that the said Thomas Cheek was a resident of Laurens County.

"2. Because the Circuit Judge erred in overruling the second exception to the master's report, thereby holding, when there was absolutely no evidence showing such fact, that the defendant appeared in the probate court and resisted the application of the plaintiff for administration upon the estate of Thomas Cheek, and that he failed to appeal from the finding of the probate court thereon; and in further holding that the question of the right to administer is not now an open question—such holding by the Circuit Judge being error of law.

"3. Because the Circuit Judge erred in not holding that if there was any final settlement of the estate of Willis D. Cheek, it was prior to the death of Thomas Cheek, and the parties claiming by or under him were barred by the statute of limitations long before the institution of this action, and paid by operation of law, and that the Circuit Judge erred in not sustaining the third exception to the master's report in reference to these matters.

"4. Because the Circuit Judge erred in confirming the report of the master which held that the settlements of 1882, referred to in the report, amounted to an admission of liability by Martha P. Cheek, and that the right to recover thereon is not barred, in as much as there was no administrator of the estate of Thomas Cheek before the Court.

"5. Because the Circuit Judge erred in not holding that if the decrees of the probate court of Laurens County, dated February 21, 1882, and October 11, 1882, established any liability against Martha P. Cheek, so as to make a new starting point for the statute of limitations—such liability arising under such settlements would be in favor of the heirs at law of Thomas Cheek, and not in favor of any administrator of his estate, and that, therefore, neither his administrator nor any person other than his heirs at law, has since that time had any right to bring action upon such final settlement."

*Messrs. Simpson & Bomar,* for appellant, cite: *Burden of proving domicile of deceased is on proponent:* 131 N. Y., 130; 23 Ency., 2 ed., 116. *Want of jurisdiction may be pleaded at any time:* 24 S. C., 122; 39 S. C., 373; 37 S. C., 415; 30 S. C., 393; 28 S. C., 315. *Consent cannot give jurisdiction:* 25 S. C., 388. *Judgment only binds parties and privies:* 17 S. C., 323. *And defendant not being party to appointment of plaintiff, could not appeal:* 17 S. C., 323; 20 S. C., 408. *Decree made without jurisdiction may be attacked collaterally:* 23 Ency., 2 ed., 135; 12 Ency. P. & P., 202; 37 S. C., 73; 69 S. C., 270; 60 S. C., 401; 41 S. C., 1; 49 S. C., 27; 24 S. C., 398; 43 S. C., 174; 25 S. C., 416. *Return purporting to be final starts the statute in favor of administrator:* 62 S. C., 306; 29 S. C., 84; 16 S. C., 198; 19 Ency., 2 ed., 93; 4 Ala., 533; 11 Ency., 2 ed., 1169; 18 Cyc., 1288-9; 19 Ency., 2 ed., 283.

*Messrs. Nichols & Jones,* contra, cite: *Where record merely fails to show jurisdiction it cannot be attacked collaterally:* 58 S. C., 514; 60 S. C., 402; 69 S. C., 270. *Ad-*

*ministration may be granted where deceased had property— a chose in action—and defendant resides:* Code of Proc., 445, 39; 60 S. C., 416. *Trustee cannot acquire title by statute against his cestui qui trust:* 3 McC., 467; 62 S. C., 312. *Disavowal of trust starts statute:* 26 S. C., 237; 3 Strob., 42; 4 Rich. Eq., 101; 11 S. C., 303; 5 Rich. Eq., 32.

July 16, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully set out in the report of the master, which was confirmed by a formal order of the Circuit Court. The master's report and the defendant's exceptions will be incorporated in the report of the case.

The first, second and third exceptions either assign error in the findings of fact by the Circuit Court, or present questions of law that are dependent upon findings of fact, and cannot be sustained, unless the findings of fact upon which they rest are decided in favor of the appellant. As this Court is satisfied with the findings of fact by the Circuit Court, these exceptions must be overruled.

We proceed to the consideration of the fourth exception. In what purported to be a final settlement of the estate of John P. Cheek, deceased, at the instance of Martha P. Cheek, executrix of his estate, on the 11th of October, 1882, in the probate court, it was ascertained that the share of Thomas Cheek in the estate of Willis D. Cheek was $282.05. The decree of the probate judge concludes as follows:

"It is ordered, decreed and adjudged, that Martha P. Cheek, as executrix of John P. Cheek, deceased, do pay off the claims of Mary Taylor, deceased, to her heirs at law, next of kin and distributees, and also the claim of Thomas Cheek, deceased, to his heirs at law and next of kin, as established in this accounting, and after paying off said claims, and making satisfactory proof of the same to this office, she be discharged from her trust."

In *Koogler* v. *Huffman,* 1 McC., 495, the Court uses this language: "In the argument below, it was contended that the decree and proceedings in the court of equity ought not to be given in evidence, because the defendant was not a party to them; and the general doctrine that judgments can not be given in evidence, except between parties and privies, was relied on. As to this form of objection, the law is clear upon collateral matter, any judgment or decree may be introduced. · All that is meant by the rule is that the rights of a party cannot be determined on conclusively unless he be a party." This case is cited with approval in *Phillips* v. *Yon,* 61 S. C., 426, 39 S. E., 618, and *Martin* v. *Ragsdale,* 71 S. C., 67, 50 S. E., 671.

Martha P. Cheek was a trustee as to the funds in her hands belonging to the estate of Thomas Cheek, deceased. The proceedings in the probate court on the 11th of October, 1882, were admissible for the purpose of showing that Martha P. Cheek, as executrix, held in her hands at that time, at least the amount mentioned in said decree, and there is no testimony tending to show payment thereof, nor that she did anything thereafter manifesting an intention to terminate her trust. Under such circumstances the defense of the statute of limitations was propely overruled.

The fifth exception is the last to be considered. In the first place, the question presented by this exception was not made an issue by the pleadings, but waiving such objection, it cannot be sustained, as the heirs at law and next of kin of Thomas Cheek were not parties to the proceedings in the probate court, and were not bound by the decree made in said proceedings. But in any event the plaintiff, as administrator, had the right to bring this action. *McCorkle* v. *Williams,* 43 S. C., 66, 20 S. E., 744.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.