## AETNA INSURANCE CO. v. CHARLESTON & WESTERN CAR. RY. CO.

SUBROGATION—INSURANCE—COMMUNICATED FIRES—PARTIES.—When an insurance company insures property for the owner situated near a railroad track, which is destroyed by fire, communicated by the railroad locomotives, and the company pays the loss, takes from insured a receipt subrogating it to rights of insured against the railroad company, the insurance company may maintain an action against the railroad company for the amount paid by it to insured without bringing in other parties, and this principle applies, and the insurance company is entitled to recover whether the railroad company is liable under a statute or under the common law for negligence.

Before WATTS, J., Aiken, July, 1906.    Affirmed.

Action by Aetna Insurance Co. against Charleston and Western Carolina Ry. Co.    Defendant appeals.

*Mr. S. J. Simpson,* for appellant, cites: *Plaintiff should not recover under the statute:* 41 S. C., 95, 285; 28 S. C., 401; 63 S. C., 370; 2 May on Ins., 454; 27 Ency., 260.

*Messrs. Hendersons & Miller* and *Whaley,* contra.    The former cite: *Plaintiff is entitled to be subrogated to rights of insured whether act causing loss be negligent or not:* 9 A. & E., D. E., 531; 27 Ency., 260; 46 Am. D., 722; 129 U. S., 141; 139 U. S., 235; 36 S. C., 267; 25 Am. St. R., 307; 5 Am. R., 304; 10 Hun., 59; 16 Wend., 397; Wood on Fire Ins., 793; 41 S. C., 411; 68 Pac., 670; 67 S. C., 484.

February 12, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This appeal involves the doctrine of subrogation. The case was heard by his Honor, the Circuit Judge, upon an agreed statement of facts.

It was admitted that plaintiff insurance company did, on the 14th day of September, 1903, issue its policy in favor of Mrs. B. E. Cozart, insuring her property for $1,000; that on the 22d day of September, 1903, this property, to the value of $1,950, was destroyed by fire originating within the limits of the right of way of the defendant railroad, in consequence of the acts of its agents and employees, and communicated by a spark from a locomotive engine of the defendant; that such policy was then of force; that upon proper proofs of loss being filed, the plaintiff on the 28th of November, 1903, in accordance with the provisions of the policy, paid to Mrs. Cozart the sum of $1,000, and that thereupon she executed and delivered to plaintiff, the subrogation receipt introduced in evidence, assigning to it all her interest and right of action by reason of said fire, to the extent of $1,000, and that later, to wit: on the 4th of January, 1904, the defendant railroad company paid to Mrs. Cozart $800 in full discharge of all claims she then had against the defendant.

It is admitted that the claim of Mrs. Cozart against the defendant, arose entirely under section 2133 of the Code of Laws.

The plaintiff claims that under the admitted facts, the defendant was liable to Mrs. Cozart for $1,950, the amount of loss sustained by fire, and that as plaintiff paid Mrs. Cozart $1,000 of such loss, it became subrogated to her right of action against defendant to that amount.

The defendant contends: 1st, that this action cannot be maintained in the name of the insurance company as plaintiff, and that Mrs. Cozart alone had the right to bring suit; 2d, that the doctrine of subrogation in insurance cases is de-

pendent upon a wrongful act on the part of a person, causing the loss of property by fire; and that this action cannot be maintained for the reason that there is no allegation or proof, that the railroad was negligent in causing the fire.

The objection that the plaintiff has not the right to maintain this action, and that it could only be brought in the name of the party insured, appears upon the face of the complaint.    Therefore, the proper remedy was by demurrer, and not by answer.

But waiving this question, the objection cannot be sustained.    The case of *Ins. Co.* v. *R. R.,* 41 S. C., 408, 9 S. E., 858, sustains the proposition, that when the plaintiff paid the policy of insurance to Mrs. Cozart, she became a trustee for its benefit, and thereafter the insurance company was the real party in interest, to the extent of $1,000. The plaintiff, therefore, had the right to bring the action, and as there were no others beneficially interested, it was not necessary for them to be made parties. *McCorkle* v. *Williams,* 43 S. C., 66, 20 S. E., 744.

We proceed next to consider the question whether the fact that negligence on the part of the defendant was not alleged or proved, was sufficient to defeat the plaintiff's action.

In the case of *Hall* v. *R. R.,* 13 Wall, 367, the Court, after commenting on certain cases sustaining the general doctrine, uses this language:

"It has been argued, however, that these decisions rest upon the doctrine that a wrong-doer is to be punished; that the defendants against whom such actions have been maintained were wrong-doers; but that, in the present case, the fire by which the insured goods were destroyed was accidental, without fault of the defendants, and, therefore, that they stood, in relation to the owner, at most in position of double insurers.    When a loss occurs, unless caused by the act of God, or of a public enemy, he is always in fault.    The law raises against him a conclusive presumption of misconduct or breach of duty, in relation to every loss not caused

by excepted perils.    Even if innocent, in fact, he has consented by his contract to be dealt with as if he were not so. He does not stand, therefore, on the same footing with that of an insurer, who may have entered into his contract of indemnity, relying upon the carrier's vigilance and responsibility."

The principle is thus stated in *Regan* v. *R. R.,* 25 Am. St. Rep. (Conn.), 307: "The sole foundation for the defendant's contention rests on the fact, that the railroad company and insurance company, in their relation to the loss, are equally innocent in contemplation of the law. Now, any proper theory of the statute under consideration will utterly exclude such an idea.    The theory of the statute is, that as the railroad corporation is privileged, for its own profit, to use, for the purposes of rapid locomotion, the dangerous element of fire in close proximity to adjoining combustible property, and as it alone, through its own agents, who construct and manage its locomotive engines, has power to prevent the communication of fire to the adjoining property, if fire is communicated from its engines, and the property of another is thereby destroyed, there is legal fault, predicated upon the mere fact of a loss so caused, and the railroad corporation is made absolutely liable to make good the loss to the owner, irrespective of any finding as to negligence.    In view of this statute, it seems to us almost preposterous to hold that the defendant who causes the loss is equally innocent with the one who merely issues to the owner of the property an ordinary policy of insurance."

In *Crisey* v. *R. R.,* 68 Pac. Rep., 670, the Supreme Court of Colorado, having under consideration a similar question, uses this language: "It is not sought in this action to mulct the defendant railroad company in a double payment for damages.    It seems to us immaterial to whom the defendant railroad company should pay the loss, if liable at all, whether to the owner or the insurance company, provided, that it be not required to pay twice.    It would be unreason-

able to permit the owner to recover double payment of the damages occasioned by his loss, once from the insurance company, it being compelled to pay because of its contract of insurance; and once from the railroad company, it being liable by virtue of the statute.    It would be equally unreasonable to permit the railroad company to have the benefit of the insurance.    It should not lie in its mouth to say to the insurance company which has paid the loss: 'You took into consideration the great risk when you made the contract of insurance, and the statute gives to the owner, only, the right of recovery, and I, although the cause of the loss, will reap the insurance benefits.' "

The authorities show that the railroad was not free from fault, in the eyes of the law, as it was guilty of a statutory wrong, and that this case falls under the general doctrine as to subrogation.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.