7312

PEOPLES OIL AND FERTILIZER CO. v. CHARLESTON AND
WESTERN CAROLINA RY.

1. EVIDENCE.—DECLARATIONS of the general superintendent of a railroad
company, while pointing out the limits of the company's right of
way in constructing a spur track under contract with an industrial
corporation, are competent to show the extent of the right of way
claimed by the company.

2. CONTRACTS—RAILROADS—COMMUNICATED FIRES.—The provisions in a
contract between a railroad company and an industrial corporation,
with reference to building a spur track, that the railroad company
should be released from damages resulting from fire from locomotives
while on the spur track, or originating on the right of way agreed
to be furnished therefor by the railroad company, does not relieve
the railroad company of damages resulting from fire communicated
by its engine while on the main line, and from thence to the spur
track.

3. PARTIES.—Objection that trustee has no capacity to sue as such should
be made by demurrer or answer.

4. TRUSTEE—INSURANCE.—An insured having given to insurer a receipt
upon payment for loss assigning and subrogating the insurer to any
rights the insured had against a railroad company for damages for
the loss, may sue the railroad company as trustee of an express trust
without joining the beneficiary as a party.

5. CHARGE.—A request not supported by any theory of the evidence
should be refused.

6. RAILROADS—COMMUNICATED FIRES.—In an action against a railroad
company under the statute for damages from communicated fire, it
is not necessary to show negligence.

Before PRINCE, J., Anderson, June term, 1908. Affirmed.

Action by Peoples' Oil and Fertilizer Company, in its
own behalf and as trustee of an express trust, against
Charleston and Western Carolina Railway Company.
From judgment for plaintiff, defendant appeals.

Messrs. S. J. Simpson, P. A. Willcox and E. M. Rucker,
for appellant. Mr. Willcox cites: Oil company was not
entitled to recover for benefit of insurance companies: 41

S. C., 408; 76 S. C., 101; 6 S. C., 184; Pom. Code Rem., sec. 76; 30 Cyc., 47, 49; 15 Ency. P. & P., 707, 710, 712. *No evidence of any trust:* Pom. Code Rem., sec. 100; 22 Ency. P. & P., 169; 30 Cyc., 89-92; Code 1902, 2135.

*Mr. Simpson* cites: *Should action have been sustained as brought?* Code of Proc., 132, 134; Pom. Rem. & Rem. Rights, secs. 171-173, 141; 22 Ency. P. & P., 169; Bliss on Code Pl., secs. 54, 262; Voohies' Code, 98; Waits' Ann. Code, 122; 76 S. C., 101; 41 S. C., 408.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Is the action properly brought?* 76 S. C., 101; 27 Ency., 260, 265; 26 L. E. (U. S.), 1194; 37 Id., 1013; 80 U. S., 369; 160 U. S., 475; 36 S. C., 213; 41 S. C., 408; 13 Metc., 99. *Objection of want of capacity to sue should be taken by demurrer or answer:* 81 S. C., 210; 80 S. C., 472; 77 S. C., 463; 65 S. C., 116; 47 S. C., 64; 76 S. C., 101. *Plaintiff is not required to show negligence:* 76 S. C., 101; 41 S. C., 414; 165 U. S., 611.

October 12, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The seed house and contents, including machinery, of the Peoples' Oil and Fertilizer Company, at Anderson, S. C., was destroyed on February 11, 1907, by fire alleged to have been communicated by defendant's locomotive engine, or to have originated within the limits of defendant's right of way, in consequence of the acts of its authorized agents or employees. The property was insured under policies issued by Phœnix Assurance Company, Limited, the Scottish Union and National Insurance Company, and the Cotton Seed Oil Millers Insurance Bureau, in certain specified amounts, respectively, and the loss as adjusted was paid to plaintiff by the companies, and it is alleged that each insur-

ance company became subrogated to the rights of the insured plaintiff as against the defendant, to the extent of the payment made by it. The plaintiff also claimed to have sustained a loss by such fire over and above the aggregated amount received by it from the insurance companies, to the extent of two thousand seven hundred and fifty-eight dollars. Demand was made upon defendant to pay said losses, and, upon its refusal, this action was brought by plaintiff to recover, in its own behalf, the sum of $2,758, its alleged loss over the aggregate insurance received; and as trustee for Phœnix Assurance Company, Limited, for $3,200, paid by it on its policy; as trustee of Scottish Union and National Insurance Company for $3,200, paid by it on its policy; and as trustee of Cotton Seed Oil Millers Insurance Bureau for $1,250, paid by it on its policy.

The defendant answered, and, besides a general denial, alleged that prior to the fire plaintiff contracted to release and hold harmless the defendant from any claim arising out of such fires as referred to in the complaint; and that plaintiff, in its own right and as trustee, is hereby barred from recovery in this action.

We may state here that the contract shown under this defense was between the defendant, as party of the first part, and the plaintiff, as party of the second part, dated April 1, 1904, under which the parties stipulated the terms upon which defendant would put in a spur track connecting its main line with plaintiff's plant. The two portions of the contract referred to in argument are as follows:

"Second. Said party of the second part covenants and agrees with the said party of the first part to provide at its own expense the necessary right of way for such portion of said spur track as may not be upon the right of way of the party of the first part.

"Fifth. Said party of the second part covenants and agrees that it will, and does hereby, contract to release said party of the first part of all damages resulting from fire

from locomotives while upon said spur track, or originating on the right of way hereby agreed to be furnished by the party of the second part, unless said party of the second part can show that the same resulted from the negligence of the said party of the first part, its agents or employees, in the lawful discharge of their duties."

The verdict was in favor of plaintiff for the full amount claimed, and defendant excepts to the judgment thereon.

1. It is alleged the Court erred in allowing the witness, Geer, to testify as to the statements of A. W. Anderson, in relation to the width of the right of way of the defendant company, at the plant of plaintiff, and as to the ownership of the ground upon which the spur track was laid, on the ground that the testimony was hearsay, was secondary, and was not shown to have been made by one having authority.

It was shown that the declarant was general superintendent of defendant, and at the time of the declaration he was pointing out to the plaintiff the extent of defendant's right of way with a view to the location of the spur track. The testimony was admissible as shown in *Southern Railway* v. *Howell,* 79 S. C., 281, 60 S. E., 677.

2. At the conclusion of all the testimony defendant moved to direct a verdict in its favor: (1) Because, under the terms of section 5 of the contract, the defendant was released from all liability; (2) because there was no evidence that plaintiff had such relation to the insurance companies as to give it a right to recover as trustee for them, and that the actions should have been brought in the name of the insurance companies, separately, or in connection with the plaintiff company. The Circuit Court, Judge Prince, refused to direct a verdict as requested, holding that the testimony did not conclusively show that the fire which destroyed the building and contents originated from a locomotive while on the spur track, nor that the fire originated on the right of way furnished by defendant. As to the

second ground, the Circuit Court held that the point came too late, and should have been raised by demurrer or answer; but went further and held that the action was maintainable as brought.

Appellant contends that the proper construction of the contract releases the defendant company from the results of fire originating anywhere upon the sidetrack or the right of way upon which it was located, whether furnished by defendant or plaintiff. We do not so hold, as the express language of the contract releases defendant from "all damages resulting from fire from locomotives while upon said spur track, or originating upon the right of way agreed to be furnished by the said party of the second part (the defendant)."

It was contemplated by the parties that plaintiff might have to furnish a portion of the right of way, but the evidence tended to show that defendant furnished the whole right of way, and that the fire, which was first discovered on the right of way, was communicated thereto by the operation of defendant's passenger engine while moving upon the main track. If the fire was communicated by defendant's locomotive on the main line to the sidetrack, and thence to the plaintiff's property, the origin of the fire would not be the sidetrack, but the defendant's locomotive on the main line. Hence, under any construction of the contract, it would have been improper to direct a verdict for defendant in view of the testimony.

With respect to the second ground for direction of verdict, we agree with the Circuit Court that the objection should have been taken by demurrer or answer, as it related to the capacity of plaintiff to sue as trustee for the insurance companies, and to defect of parties. If such grounds of demurrer do not appear upon the face of the complaint they should be taken by answer, and if not taken by demurrer or answer are deemed to be waived, by the provisions of section 169 of the Code of

Procedure.   It is unnecessary to cite any of the numerous decisions to this effect.   Doubtless it would be proper to rest the point here, but in view of the further ruling of the Circuit Court, and the earnest argument of appellant, we consider further.

The provisions of section 132 of the Code of Procedure, providing that "every action must be prosecuted in the name of the real party in interest," is expressly limited by the provision in section 134, that "* * * a trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is prosecuted.   A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

One of the subrogation receipts introduced in evidence, after acknowledging receipt of the insurance money for the loss covered by the policy, concluded as follows: "do hereby assign, set over, transfer and subrogate to the said Scottish Union and National Insurance Company all the right, claims, interest, choses, or things in action, to the extent of thirty-two hundred dollars, paid us as aforesaid, which we may have against said C. & W. C. Ry. Co., or any other party, person or corporation, who may be liable, or hereafter adjudged liable, for the burning or destruction of said property, and hereby authorize and empower the said Scottish Union and National Insurance Company to sue, compromise or settle in our names, or otherwise, to the extent of the money paid as aforesaid, and it is hereby fully substituted in my stead, and subrogated to all rights in the premises.   It being expressly stipulated that any action taken by said company shall be without cost or charge to us.

PEOPLES' OIL & FERTILIZER CO.,

Per Jo. J. Fretwell, President."

The other receipts were of similar import.   This answers the requirements of an express trust, as there is an express

agreement as to the existence and purpose of the trust rela-
tion, or what is equivalent to such agreement in law.   Not-
withstanding the words of assignment, the manifest purpose
is to subrogate the insurance company to a limited extent
to the rights of the plaintiff, plaintiff still has legal title to
the cause of action, subject to the equitable right of subro-
gation.   The cause of action lies in tort, and is really single.
It is conceded that this action would have been maintainable
under the law existing before the adoption of the Code.
*Insurance Company* v. *Railway Co.*, 41 S. C., 410, 19 S. E.,
858.   If the plaintiff, as held in the case above, was trustee
for the insurance companies to the extent of the insurance
paid by them, then there is nothing in section 132 of the
Code to prevent the action in this form.

It may be conceded that the insurance companies may
have been joined in the suit, or may have sued in their own
behalf, as in *Ins. Co.* v. *Ry.*, 76 S. C., 103, 56 S. E., 788,
still the trustee had the right to sue without joining with
him the beneficiaries of the trust.   In either case the Court
would guard the defendant from liability to be subjected
to pay the same loss twice.

Moreover, there could be no direction of a verdict for
defendant in this case, as plaintiff offered evidence of loss
over and above the amounts received from the insurance
companies.

3. The defendant requested the Court to charge as
follows : "That if the spot upon which the spur track was
located was a part of the right of way of the Charleston
and Western Carolina Railroad at that time, still,
if when this contract was made between the Charles-
ton and Western Carolina Railroad Company and
the Peoples' Oil and Fertilizer Company, it was thought by
the Peoples' Oil and Fertilizer Company to be its own prop-
erty, if it was treated by it as its own property, and fur-
nished as such to the Charleston and Western Carolina
Railway Company, and the said spur track laid upon it

under these circumstances, the oil mill would be estopped from saying it was not its property."

To which the Court responded: "That would be good law if there were any facts to found it on. I can not charge that."

We agree with the Court that there was no theory of the testimony to support such a request.

4. The remaining exception to the charge is particularly disposed of by what has been said. In so far as this exception claims that plaintiff's right to recovery for himself, or as trustee for the insurance companies, depended on proof of negligence, it can not be sustained. The action was under the statute, and it was not necessary to show negligence on the part of defendant. *Ins. Co.* v. *Ry.,* 76 S. C., 102, 56 S. E., 788.

The judgment of the Circuit Court is affirmed.