15644

PHILLIPS v. CLIFTON MANUFACTURING COMPANY
and
PARHAM v. GARRETT

(30 S. E. (2d), 146)

November, 1943.

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, S. C., Counsel for Appellants,

*Messrs. Daniel & Russell,* of Spartanburg, S. C., Counsel for Respondents,

Counsel for Appellant, in Reply,

498

May 4, 1944.

Mr. Chief Justice Baker delivered the unamious Opinion of the Court:

This appeal involves the identical question in the two cases captioned above, and we will therefore treat them as one case.

Appellant's complaint alleged that while he was driving his automobile on a public street and road, the truck of respondent, being then operated by respondent's agents and servants, who were in the course of their employment, negligently and recklessly ran into appellant's automobile, damaging and wrecking the same to his injury in the sum of $500.00.

Respondent's answer set out (1) a general denial; (2) that appellant's injury was the result of his sole negligence and willfullness; (3) that his injury was the result of his contributory negligence and willfullness, and (4) as follows: "That subsequent to the accident referred to in the complaint the plaintiff in this cause collected from his insurance carrier all of the damages sustained by him with the exception of $50.00, such insurance policy being the type commonly referred to as a 'Fifty Dollar Deductible Policy.' That simultaneously with the plaintiff collecting damages from his insurance carrier as aforesaid, the paintiff executed and delivered to his said insurance carrier a subrogation agreement, under the terms of which he assigned any and all claims he might have against the defendant to his insurance carrier and warranted in such agreement that he had not and would not make any settlement of any claim arising out

of the accident referred to in the complaint. That under these circumstances the plaintiff in this cause is not the real party in interest in this suit and his action cannot be maintained in its present form."

Thereafter, respondent noticed a motion for an order allowing it to interplead in the action as a party thereto, the collision insurance carrier of the appellant, Service Fire Insurance Company, upon the ground that such collision insurance carrier has paid all of appellant's damages, with the exception of $50.00, and that appellant has subrogated such collision insurance carrier to his rights in this action; that such insurance carrier is the real party plaintiff, and that a complete and final determination of the action cannot be had unless and until such collision insurance carrier is made a party thereto.

At the hearing of the above motion, appellant relied upon a written instrument designated "Loan Receipt" (conceded by respondent to be the instrument to which it referred in its fourth defense), in the following form, to wit:

"Dated Jan. 15, 1942.

"Received from the Service Fire Insurance Co. (hereinafter referred to as 'Company') the sum of one hundred and thirty-six & 04-100 ($136.04) as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any insurance effected on such property, and as security for such repayment the undersigned hereby pledges to the said 'Company' all his, its or their claim or claims against said person, persons, corporation or corporations or other parties, or from any insurance carrier or carriers, and any recovery thereon, and hereby delivers to said 'Company' all documents necessary to show his, its or their interest in said property.

"The undersigned covenants that no settlement has been made by the undersigned with any person, persons, corporation or corporations, or other parties against whom a claim may lie, and no release has been given to anyone responsible for such loss and that no such settlement will be made, nor release given without the written consent of the said company; and the undersigned covenants and agrees to cooperate fully with the said company, to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons, corporation or corporations, or other parties, through whose negligence or other fault the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence in his, its or their own name.

"In further consideration of said advance the undersigned hereby guarantee (s) that he, it or they are the owner (s) of said property and entitled to recover upon said claim for loss or damage thereto, and hereby appoint (s) the managers and/or agents of the said 'Company' and their successors severally, his, its or their agents (s) and attorney (s)-in-fact, with irrevocable power, to collect any such claim or claims, and to begin, prosecute, compromise or withdraw in his, its or their name, but at the expense of the said 'Company,' any and all legal proceedings that the said 'Company' may deem necessary to enforce such claim or claims, and to execute in the name of the undersigned any documents that may be necessary to carry the same into effect for the purposes of this agreement.

"Any legal proceedings are to be under the exclusive direction and control of said 'Company.' "

After hearing counsel, Honorable Arnold R. Merchant, County Judge, "ordered that the plaintiff (appellant) do join as plaintiff the insurance carrier, Service Fire Insurance Company, under appropriate allegations showing its real relation to and interest in this cause and * * * in default

of which application may be made for an order of .dismissal."

It is from this order that an appeal is prosecuted in this Court, the appellant stating the "Questions Involved" to be:

"1. What is the legal effect of the 'loan receipt' given by plaintiff automobile owner to Service Fire Insurance Company, his collision insurer, on the rights of plaintiff and his insurer whom defendant, a third party tort feasor, seeks to interplead as involuntary coplaintiff?

"2. Does the record show the conditions necessary to bring into operation Section 409 of the Code relating to compulsory interpleader?

"3. Does the record show grounds for the exercise of judicial discretion to interplead?

"4. If a sole plaintiff is not the real party in interest is the remedy available to defendant to require that the real party in interest be interpleaded as an involuntary coplaintiff?"

Agreements of the nature of the "Loan Receipt" above set out have been a common practice in business for many years, and appears to have originated in connection with losses paid under marine policies, and also in various forms of inland marine insurance losses and finally came into general usage under fire insurance contracts, and under automobile policies.

The validity of a "Loan Receipt" agreement similar to the one in this case was passed upon in *Luckenbach v. W. J. McCahan Sugar Ref. Co.*, 248 U S., 139, 39 S. Ct., 53, 55, 63 L. Ed., 170, 1 A. L. R., 1522, where Mr. Justice Brandeis (for whom the writer hereof entertained great respect) in writing the opinion of the Court stated: " * * * The carrier insists that the transaction, while in terms a loan, is in substance a payment of insurance; that to treat it as if it were a loan, is to follow the letter of the agreement and to disregard the actual facts; and

that to give it effect as a loan is to sanction fiction and subterfuge. But no good reason appears either for questioning its legality or for denying its effect. * * * It is creditable to the ingenuity of business men that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice."

The Luckenbach decision has been uniformly followed by State Courts in passing upon the validity of "Loan Receipt" agreements in the form of the one here involved, and we are in accord with these decisions.

Section 397 of the Code of 1942 provides that every action must be prosecuted in the name of the real party in interest except as otherwise provided in Section 399, which latter section has no applicability to the facts of this case.

Section 406 of the Code of 1942, reads in part as follows: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; * * *."

The pertinent portion of Section 409 of the Code reads as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in * * *."

Is Service Fire Insurance Company a necessary party to the complete determination of the controversy? The controversy here involved is whether or not the respondent is liable to the appellant for the truck-automobile collision in question.

Additional parties are not necessary to a complete determination of the controversy unless they have rights which must be ascertained and settled before the rights of the parties to the suit can be determined.

In Pomeroy's Code Remedies, 4th Ed., pp. 410, 411, it is stated: "The issues between the original parties are to be determined, if that can be done without prejudice to the rights of others, or by saving the rights of others; if this be possible, the cause should be adjudicated as it was presented for decision. If a complete determination of the controversy cannot be had without the presence of other parties, the Court *must* cause them to be brought in. The force and effect of the whole provision depend upon the interpretation given to the clause, 'when a complete determination of the controversy cannot be had without the presence of other parties.' To use the language of an eminent judge which has been repeatedly approved by other courts in different States, this clearly means, 'When there are other persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined.' "

In *Peoples Oil & Fertilizer Co. v. C. & W. C. Ry. Co.,* 83 S. C., 530, 65 S. E., 733, 734, the plaintiff had received considerable amounts from insurance companies under contracts covering loss by fire, but the plaintiff claimed substantial loss in excess of the aggregate amount received from the insurance companies. The following is quoted from the opinion of this Court in that case: "The provisions of section 132 of the Code of Civil Procedure, providing that 'every action must be prosecuted in the name of the real party in interest,' is expressly limited by the provision in section 134 that ' * * * a trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another.' " (Section 132 and 134 of the Code of Civil Procedure of 1942 appear in the 1942 Code of Laws as Sections 397 and 399.)

We quote further from that opinion:

"* * * Notwithstanding the words of assignment, the manifest purpose is to subrogate the insurance company to a limited extent to the rights of the plaintiff. Plaintiff still has legal title to the cause of action, subject to the equitable right of subrogation. The cause of action lies in tort, and is really single. It is conceded that this action would have been maintainable under the law existing before the adoption of the Code. [*Mobile*] *Insurance Company v.* [*C. & G.*] *Railway Co.*, 41 S. C. [408], 410, 19 S. E., 858 [44 Am. St. Rep., 725]. If the plaintiff, as held in the case above, was trustee for the insurance companies to the extent of the insurance paid by them, then there is nothing in section 132 of the Code to prevent the action in this form.

"It may be conceded that the insurance companies may have been joined in the suit, or may have sued in their own behalf as in [*Aetna*] *Ins. Co. v.* [*C. & W. C.*] *Ry.*, 76 S. C., [101], 103, 56 S. E., 788, still the trustee had the right to sue without joining with him the beneficiaries of the trust. In either case the court would guard the defendant from liability to be subjected to pay the same loss twice."

Giving full effect to the "Loan Receipt" agreement between the appellant and Service Fire Insurance Co., and said company not having any rights with reference to the controversy which must be ascertained and settled before the rights of the parties to the suit can be determined, it is our conclusion that Service Fire Insurance Co., is not a necessary party to the action. And furthermore, "there is no process known to the law by which one man can compel another to sue him." 39 Amer. Jur., 964.

Service Fire Insurance Company having taken the instrument designated "Loan Receipt" set forth in the record in this case, would of course not be heard to say that the appellant did not have the legal right to

prosecute this action or that it would not be bound by the result thereof.

The order appealed from is reversed and the case is remanded to the Court from whence it came for such further proceedings as may be necessary.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.