**SOUTH CAROLINA ELEC. & GAS CO. v. AETNA INS. CO. et al.**

No. C/A 3743.

United States District Court, E. D. South Carolina. Columbia Division.

Aug. 13, 1953.

McLain & Sherrill, Columbia, S. C., for plaintiff.

Thomas, Cain & Nettles, Columbia, S. C., for defendants.

TIMMERMAN, Chief Judge.

This cause is before me upon plaintiff's motion to remand. Plaintiff, a South Carolina corporation, originally brought this action in the Court of Common Pleas for Lexington County, South Carolina, against the above named thirty-eight insurance companies as defendants. Three of the defendants are domestic corporations and the other thirty-five are foreign corporations. Plaintiff seeks to recover for a fire loss allegedly covered by thirty-eight policies, one issued by each of the defendants. The jurisdictional amount is involved only in the case of ten of the foreign defend-ants and these ten removed the case to this court, claiming that as to them a separate and independent claim or cause of action exists.

The facts, as set out in the complaint and uncontroverted by the answer, are that each defendant issued its insurance policy, insuring plaintiff's property against loss or damage by fire, with the usual premium payments as consideration therefore; that the provisions of each policy are substantially identical and that each policy provides for pro rata liability, i. e., each defendant is liable for that portion of a loss that the amount of its policy bears to the whole amount of fire insurance applying. A loss occurred and each defendant denied liability.

The question which is decisive of the motion to remand is: Does the complaint state a separate and independent claim or cause of action against the removing defendants?

To determine the question it is necessary to consider the statute upon which the defendants base their removal claim. 28 U.S.C. § 1441(c), June 25, 1948, provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Prior to 1948 the test of removability in cases of this sort was whether or not there was a "separable controversy". It is familiar law that the presumption is against federal jurisdiction, and the cases and authorities agree that the effect of the 1948 act is to limit still further federal jurisdiction.

Since 1948 the Supreme Court has, so far as my study reveals, considered the "separate and independent claim or cause of action" test of removability in only one case. American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 538,

95 L..Ed. 702. In that case the Court stated that, in revising the removal statute, Congress had carried out its purpose "to abridge the right of removal" and that a separable controversy is no longer a sufficient ground for removal unless it "also constitutes a separate and independent claim or cause of action." It is necessary, said the Court, to look to the nature of the wrong alleged by the plaintiff and held, " * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." The word "interlocked" is especially appropriate to the instant case for the proportionate liability of each defendant is predicated upon a single loss and a single cause of action in which all defendants are "interlocked" by the express terms of their policies.

"The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability." Snow v. Powell, 10 Cir., 1951, 189 F.2d 172, 174. And proceeding further with its word analysis the Court said, "The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditional." In the case at bar the liability of the several defendants is dependent, not independent; inseparable, not separable; conditional, not distinct; related, not unrelated.

The source law in determining whether a cause of action is separate and independent is to be found in state law. Babb v. Paul Revere Life Ins. Co., D.C.S.C. 1950, 102 F.Supp. 247; Edwards v. E. I. duPont de Nemours & Co., 5 Cir., 1950, 183 F.2d 165. In the former case Judge Wyche stated:

"In my opinion, even before the passage of the amendment to the removal statute, the court meant to hold, and did hold in the case of Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 212, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, and Cincinnati, N. O. & T. P. Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, that where the matters in controversy in a suit are by the practice in the State where the suit is filed regarded as suable in one action because relating to the same transaction or subject matter, and, therefore, presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, although at common law the cause of action would have been severable and not joint." [102 F.Supp. 250]

Using the familiar terminology of South Carolina practice as stated by Judge Wyche, it seems apparent that the matter in controversy, the alleged breach of contract by the defendants, relates to the same subject matter, to the same transaction, and the policies are so intertwined and dependent that the alleged breach constitutes one indivisible wrong for which complete relief can be had only in one action against all thirty-eight defendants.

The South Carolina law is very liberal in its provisions allowing joinder. Section 10–701, Code of 1952, states that causes of action may be united in the same complaint when they all arise out of "the same transaction or transactions connected with the same subject of action". This has been given very liberal interpretation by the courts of the State, and the continuing phrase "to avoid multiplicity of actions" runs through many of these decisions. I do not believe that this could be considered as a joinder of more than one cause of action—either properly or improperly—as it is one cause of action, as stated above, namely, plaintiff's right to be compensated for a loss by thirty-eight defendants who have allegedly made themselves liable therefor, by thirty-eight policies firmly interlocked and dependent one upon the other.

In Section 10–203 of the 1952 Code of Laws of South Carolina, we find that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is

a necessary party to a complete determination or settlement of the questions involved therein. It is clear that the word "controversy" is used in a very broad sense, meaning the entire matter before the Court. It will be recalled that the Finn case stated that " 'controversy' had long been associated in legal thinking with 'case.' " The word "controversy" as used in Section 10–203 clearly means the "case" or "matter" before the Court. Surely all of the defendants are necessary to a "complete determination or settlement of the questions involved" in the matter set forth in the complaint, namely, the amount, if any, that plaintiff shall be paid for the loss alleged.

In Mordecai v. Canty, 86 S.C. 470, 68 S.E. 1049, it is said:

"When jurisdiction of a subject-matter is conferred on a court, the power to bring before it all necessary and proper parties for the determination of the matter follows as an incident to the jurisdiction."

Quoted with approval in Fidelity Fire Ins. Co. v. Windham, 134 S.C. 373, 133 S.E. 35. See also Phillips v. Clifton Mfg. Co., 204 S.C. 496, 30 S.E.2d 146, 148, 157 A.L.R. 1255; Fouche v. Royal Indemnity Co., 212 S.C. 194, 47 S.E.2d 209, 212.

██ Plaintiff has argued that the joinder of all the defendants is necessary to a complete determination of all the questions involved herein. Defendants argue that this can be accomplished equally well on removal, due to the Court's authority under Section 1441(c) to determine the entire case. This is undoubtedly true, but it is not an answer to the problem. Before the Court can retain jurisdiction it must be satisfied that the case presents, insofar as the defendants' right of removal is concerned, a separate and independent claim or cause of action. In other words, the fact that the Court must allow removal of the case as to all of the defendants, in order to do complete justice, is a strong argument against the defendants' claimed right of removal; it is, in effect, an admission that the matter does not present, insofar as the removing defendants are concerned, a separate and completely independent claim or cause of action.

The language of the District Court for the Eastern District of North Carolina in Kornegay v. Hardware Mutual Fire Ins. Co., 1952, 106 F.Supp. 347, 348, relied upon in argument by defendants is interesting. In that case plaintiff brought an action against three insurance companies on a fire loss; one of the defendants was a domestic corporation and the other two were foreign corporations. All policies had the usual pro rata of liability clauses. Remand was denied in that case, the Court saying, "It is settled that the law of the forum is determinative of whether there exists a separate and independent claim * * *. The Supreme Court of North Carolina has heretofore established, * * * that a suit such as this one against Ohio Farmers Insurance Company must be considered a separate and independent claim." This case emphasizes the importance of the State law on the subject—not to limit the jurisdiction of the Federal Courts, but to determine whether or not the requisite atmosphere is present to support the right of removal.

What is the wrong for which remedy is here sought? This may be stated by quoting from the Finn case:

"The single wrong for which relief is sought is the failure to pay compensation for the loss on the property."

The proration clauses of the policies interlock such policies in such a manner that the liability, if any, under all of the policies *together* has to be considered in order to determine the aggregate liability for any one loss. Again the language of the Finn case is enlightening:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)".

Based upon the foregoing two conclusions follow: First, that the alleged breach of all of the defendants constitutes an indivisible wrong for which complete relief can be had only in one action against all defendants; and, second, that there is no "separate and independent claim or cause of action" asserted, entitling the defendants to remove.

It is, therefore, Ordered, Adjudged and Decreed, That this action be, and the same herewith is, remanded to the Court of Common Pleas for Lexington County, South Carolina.