Herman **BRINKLEY**, Plaintiff,

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY** et al., Defendants.

Civ. A. No. 802-H.

United States District Court
S. D. West Virginia,
Huntington Division.

March 19, 1956.

W. E. Parsons and C. William Gates, Huntington, W. Va., for plaintiff.

Amos Bolen, and Fitzpatrick, Marshall, Huddleston & Bolen, Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

The plaintiff, a citizen of West Virginia, is suing the Chesapeake and Ohio Railway Company, a Virginia corporation, James N. Harwood and William J. Vance, employees of the railway, jointly, for damages resulting from the alleged negligent injury to him by the defendants. The action was commenced in the Circuit Court of Logan County, West Virginia.

The corporate defendant has filed a petition for removal, removing the case to this court from the state court. The plaintiff has filed a motion to remand.

The corporate defendant contends that the declaration alleges two separate and independent claims or causes of action. Among other things the declaration alleges that (1) the railway failed to keep its right of way in such condition that persons driving vehicles upon the crossing could see approaching trains, and (2) the railway failed to keep and maintain the crossing in repair; that such claims if sued upon along would give this court original jurisdiction under the provisions of 28 U.S.C. § 1332.

In addition to the above allegations the plaintiff alleges that the individual defendants were operating the train as agents of the railway and were operating it on their own behalf jointly and severally at the time of the alleged injury; that it became their duty to keep a proper lookout, to sound the horn or whistle, maintain proper speed, keep the train under control, and that all of the defendants failed to observe such duties and negligently injured the plaintiff thereby.

The plaintiff claims that the case should be remanded because there is no separate or independent claim or cause of action against the petitioner under the laws of West Virginia since the declaration alleges joint and concurrent negligence against all of the defendants.

The issue therefore is whether or not the allegations of failure on the part of the corporate defendant (1) to maintain the right of way in such condition that persons driving vehicles upon the crossing could see approaching trains, and (2) to keep and maintain the crossing in repair, creates a separate and independent claim or cause of action when contained in a declaration which also charges negligent operation of defendant's train by its crew resulting in plaintiff's alleged injury.

Under Title 28 U.S.C.A. § 1441 (c), the defendant is given the right to remove an entire case to Federal court where a separate and independent claim or cause of action, which would be removable if sued on alone, is joined with one or more otherwise nonremovable claims or causes of action. This subsection was substituted for the provision in Title 28 U.S.C. § 71, 1940 Ed., by Act of June 25, 1948. The prior Act dealt with the removal of cases where there was a "separable controversy", as distinguished from the present provision regarding "separate and independent claims or cause of action". The Reviser's note

points out that the removal of a separate controversy will not be permitted unless it constitues a separate and independent claim or cause of action within the original jurisdiction of the United States District Courts. One of the important purposes of Congress in adopting the "separate and independent claim or cause of action" test for removability was to limit removal from state courts. American Fire & Cas. Co. v. Finn, 1950, 341 U.S. 6, 71 S.Ct. 534, 538, 95 L.Ed. 702. In the latter case the Court said:

> " * * * we conclude that where there is a *single wrong*, to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)". (Emphasis supplied.) 341 U.S. at page 14, 71 S.Ct. at page 540.

■ To accomplish its purpose of limiting and simplifying removal, Congress used the phrase "cause of action" in an accepted meaning to obtain that result, and that purpose should not be defeated by interpretation. American Fire & Cas. Co. v. Finn, supra. This meaning is defined in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. There a sailor filed a libel in admiralty and recovered for negligence in failing to provide a safe place to work, in failing to use reasonable care to avoid striking libellant, for unseaworthiness, incompetency of officers and failure to instruct plaintiff, an inexperienced sailor, in his duties. Later he sought further damages for the same accident, for negligence of officers and employees in the operation of the vessel. In denying recovery on the ground that it was the same cause of action as the first, the court said, 274 U.S. at page 321, 47 S.Ct. at page 602:

> "Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

> "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

■ The substantive law of the state wherein the wrong or injury occurred is determinative of whether there exists in the pleadings a separate and independent claim or cause of action which will permit removal. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788; South Carolina Elec. & Gas Co. v. Aetna Ins. Co., D.C.E.D.S. C., 114 F.Supp. 79.

■■ Any doubt as to whether the declaration in this case contains separate and independent claims or causes of action is resolved by the decision of the West Virginia Supreme Court of Appeals in Daugherty v. Baltimore & O. R. Co., 135 W.Va. 688, 64 S.E.2d 231. In this case the first count in the declaration charged the defendant with negligence for failure to sound warning devices upon approaching the crossing; by permitting trees, brush and shrubbery to obstruct the view of the approaching train; and improper operation of the train as it approached the crossing. The court said, 64 S.E.2d at page 238:

> "Duplicity is said to be the union of more than one cause of action in one count, or more than one defense in one plea, or more than a single breach in a replication. Bouvier's Law Dictionary, Rawle's Third Revision, Volume 1, page 959. See also Black's Law Dictionary, Third Edition, page 630. Duplicity in a pleading, however, does not occur by the union of several facts constituting together but one cause of action, or one defense, or one breach. Bou-

vier's Law Dictionary, Rawle's Third Revision, Volume 1, page 959. Neither count of the amended declaration, in each action, is objectionable on the ground of duplicity. In effect, the only duty charged to the defendant in each count is the duty imposed upon it by law to be observed by it in the operation of its trains in the enumerated circumstances, and the different negligent acts and omissions alleged merely set forth the manner in which the defendant breached its duty. The various acts of negligence, laid in each count, do not constitute more than one single cause of action."

The United States Court of Appeals for the Fifth Circuit, in considering this question in Bentley v. Halliburton Oil Well Cementing Co., supra [174 F.2d 793], discussed the authorities under the previous statutes relating to the question of whether or not allegations of concurrent negligence was or was not a separable controversy under the present statute. The conclusion of the court, after reviewing the various authorities, was as follows:

"Although there was no concert of action between the tort-feasors, the cumulative effect of their several acts was a single, indivisible injury which certainly would not have resulted but for the *concurrence of such acts*. In these circumstances, the actors may be held liable as joint tort-feasors [referring to authorities]. A plurality of negligent acts does not establish more than one cause of action so long as their effect is the violation of only one right by a single wrong. The mere multiplication of grounds of negligence does not result in multiple causes of action unless, under the facts, there has been a violation of multiple legal rights. The claim or cause of action, then, is not the negligent act or any group of acts, but the result of these in a legal wrong. Baltimore S. S. Company v. Phillips, 274

U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069." (Emphasis supplied.)

"Finally, the separate acts of negligence by each of the appellees were simply component parts of one occurrence, the legal result of which was joint liability on the part of the joint tort-feasors; and joint liability for the whole tort negatives the idea of a separate and independent claim on the part of one of the defendants \* \* \*".

See also Knight v. Chrysler Corporation, D.C.N.J., 134 F.Supp. 598, 600, wherein the court said:

"Plaintiff, Knight, complains of only one injury—the cessation of delivery to him of automobiles and parts in order that he might continue his business. The single wrong test has been applied many times, and always, if satisfied, has led to remand, except where by local law some of the multiple claims arising from a single wrong are separate and independent. \* \* \* The fact that some of plaintiff's claims are in tort and some in contract does not serve automatically to make them 'separate and independent' where, as here, the ultimate legal objective remains the same. It requires a separate and independent claim, not just a separate and independent theory, to meet the jurisdictional test of § 1441(c)". (Citing cases.)

To the same effect is Judge Goodrich's concurring opinion in Mayflower Industries v. Thor Corporation, 3 Cir., 1950, 184 F.2d 537, certiorari denied 1951, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342.

The declaration filed in this case contains but a single cause of action. It alleges only one wrong. The allegations of failure to keep the right of way in such condition that persons driving vehicles upon the crossing could see approaching trains; failure to keep and maintain the crossing in proper repair; and the negligent operation of the train approaching the crossing are simply separate acts of

negligence and omissions showing the manner in which the defendant breached its duty to the plaintiff.

The case should be remanded, and an order will be entered accordingly.