SOUTHEASTERN FIRE INSURANCE COMPANY v. MILDRED BRADLEY MOORE AND WILLIAM P. MOORE.

(Filed 20 May, 1959.)

**1. Automobiles § 41g—**

Evidence tending to show that a motorist slowed almost to a stop before entering an intersection, that she looked and did not see any vehicle approaching along the intersecting street, and that she proceeded into the intersection and was about half-way across when she saw defendant's car approaching from her right, that defendant's car entered the intersection without slowing down, that defendant did not look to his left and struck plaintiff's car when it was three-fourths across the intersection, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Insurance § 53—**

Payment by insurer of the damage to insured's car, less $50 deductible under the policy, under agreement that the payment should be a loan without interest repayable only in the event of recovery against the tort-feasor, that insured should cooperate in prosecuting any claim against the tort-feasor and designating insurer as agent and attorney in fact to prosecute any such action, does not authorize insurer to maintain an action in its own name against the tort-feasor, since, the claim not having been paid in full, insured continues to be the real party in interest.

APPEAL by plaintiff from *Williams, J.,* January Regular Civil Term of WAKE.

This is an action instituted by the plaintiff, the insurer of Velma Parker Lee who suffered property damages of $511.96 growing out of an automobile collision, of which amount the plaintiff paid $461.96 under the provisions of its $50.00 deductible collision policy, leaving the insured with a loss of $50.00.

When the plaintiff herein paid its insured the $461.96, it did so "as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned (Velma Parker Lee, the insured) may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below," etc.

The defendants demurred to the original complaint on the ground that Velma Parker Lee was the real party in interest and that plaintiff was attempting to split an indivisible cause of action. The demurrer was sustained and plaintiff amended its complaint by alleging in part that "* * * Velma Parker Lee parted with any beneficial interest to a right of action by waiving to the defendants the difference between the damage set out hereinbefore and the amount paid by the plaintiff herein; that the payment by the plaintiff of $461.96 is the only remaining basis of action for a final and complete determination of the matter." The demurrer to the amended complaint was overruled.

A subrogation agreement entitled "Loan Receipt" and referred to hereinabove states that Mrs. Lee covenanted that no settlement had been made on account of the loss sustained, and that "no such settlement will be made, nor release given without the written consent of the said Company (the plaintiff)"; and agreed to cooperate with the plaintiff "to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons * * * through whose negligence or other fault the aforesaid loss was caused * * *." The instrument also designated the plaintiff, as Mrs. Lee's agent and attorney in fact, to collect the claim "* * * and to begin, prosecute, compromise or withdraw in his, its or their name * * * any and all legal proceedings that the said 'Company' may deem necessary to enforce such claim or claims * * *."

The plaintiff's evidence, with respect to the automobile collision out of which the insured's damages allegedly arose, tends to show that on 16 July 1957, about 8:00 a.m., its insured was traveling north on South Boylan Avenue in the City of Raleigh, North Carolina, in a line of traffic; that the traffic signals along said avenue were not in operation and when she approached the intersection of Morgan Street she was

traveling about 20 miles per hour; that she slowed down to almost a complete stop; that she looked and could not see any car coming; that she proceeded into the intersection, and when she was about half way across the intersection she saw the defendants' car about two car lengths to her right; that the insured's car was about three-fourths across the intersection when the accident or collision occurred.

Further evidence was offered by the plaintiff tending to show that Melvin W. Bennett was traveling in his car, following the plaintiff's insured, and stopped at the intersection of said streets; that he noticed a Plymouth automobile, allegedly owned by the defendant William P. Moore and driven by his wife and co-defendant, Mildred Bradley Moore, approaching from the east on Morgan Street; that the driver of the Plymouth car was almost at the top of the hill and did not slow down, and the driver did not look in his direction at all.

At the close of plaintiff's evidence the court allowed the defendants' motion for judgment as of nonsuit, for that the plaintiff had attempted to split an indivisible cause of action and sue in its own name. The plaintiff appeals, assigning error.

*Bailey & Dixon for appellants.*
*Smith, Leach, Anderson & Dorsett for appellee.*

DENNY, J. In our opinion, if the ruling of the court below can be sustained, it must be on the ground that the plaintiff attempted to split an indivisible cause of action. Otherwise, the evidence offered by the plaintiff was sufficient to carry the case to the jury.

In the case of *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231, *Ervin,* J., collected the authorities supporting each of the following propositions:

"1. Where insured property is destroyed or damaged by the tortious act of another, the owner of the property has a single and indivisible cause of action against the tort-feasor for the total amount of the loss. * * *

"2. When it pays the insured either in full or in part for the loss thus occasioned, the insurance company is subrogated *pro tanto* in equity to the right of the insured against the tort-feasor. * * *

"3. Where the insurance paid the insured covers the loss in full, the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation against the tort-feasor. This is true because the insurance company in such case is entitled to the entire fruits of the action, and must be regarded as the real party in interest under the statute codified as G.S. 1-57,

which specifies that 'every action must be prosecuted in the name of the real party in interest.' * * *

"4. Where the insurance paid by the insurance company covers only a portion of the loss, the insured is a necessary party plaintiff in any action against the tort-feasor for the loss. The insured may recover judgment against the tort-feasor in such case for the full amount of the loss without the joinder of the insurance company. He holds the proceeds of the judgment, however, as a trustee for the benefit of the insurance company to the extent of the insurance paid by it. The reasons supporting the rule stated in this paragraph are that the legal title to the right of action against the tort-feasor remains in the insured for the entire loss, that the insured sustains the relation of trustee to the insurance company for its proportionate part of the recovery, and that the tort-feasor cannot be compelled against his will to defend two actions for the same wrong. * * *"

It would seem that under the facts in this case the plaintiff not having paid the insured in full, the insured continues to be the real party in interest and may sue for the benefit of herself and the insurance company for the entire damages. *Burgess v. Trevathan, supra.*

On the other hand, if the complaint and the evidence in this action disclosed that the insured accepted the sum of $461.96 in full settlement of her claim for damages against the defendants, we would have an entirely different situation, one in which the plaintiff could maintain an action in its own name. *Insurance Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879.

In 46 C.J.S., Insurance, section 1209, page 153, it is said: "Insurer's rights to subrogation accrue on payment of the insurance claim; but until payment of the claim on the policy no rights to subrogation accrue. An advance by insurer of the amount of insurance to insured under an agreement reciting that the amount was received as a loan to be repaid only from such recovery as might be had from the other party is not a payment entitling insurer to subrogation."

In the case of *Phillips v. Clifton Mfg. Co.,* 204 S.C. 496, 30 S.E. 2d 146, 157 A.L.R. 1255, the plaintiff alleged that in a collision between his automobile and the defendant's truck, plaintiff's automobile had been damaged in the sum of $500.00. The plaintiff's insurance carrier paid him $450.00 under its $50.00 deductible policy and obtained a subrogation agreement from the plaintiff in the identical language as the one executed by the insured in the instant case. The South Carolina Supreme Court held the plaintiff, the insured, was

the real party in interest and had the right to bring the action, and reversed the order of the lower court making plaintiff's insurer a party plaintiff. In this jurisdiction we have held that in such a situation the insurer is not a necessary party but is a proper one. *Burgess v. Trevathan, supra; Taylor v. Green,* 242 N.C. 156, 87 S.E. 2d 11; *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457; McIntosh, North Carolina Practice and Procedure, Vol. 1, 2nd Ed., section 599, page 319.

Upon the facts revealed by the record before us, the plaintiff is not authorized to maintain this action in its own name.

The ruling of the court below in sustaining the judgment as of nonsuit, for that the plaintiff has attempted to split an indivisible cause of action and sue in its own name, will be upheld.

Affirmed.