**PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY,**
a Corporation, Plaintiff,

v.

**G. Arthur THOMASON and Bonitz Insulation Company, a Corporation,
Defendants.**

No. C-44-S-59.

United States District Court
M. D. North Carolina,
Salisbury Division.

Nov. 6, 1959.

Howard B. Arbuckle, Jr., Charlotte, N. C., and Richard L. Brown, Jr., Albemarle, N. C., for plaintiff.

Don A. Walser, Lexington, N. C., and Herbert S. Falk, Greensboro, N. C., for defendant Bonitz Insulation Co.

Welch Jordan, Greensboro, N. C., for defendant G. Arthur Thomason.

HAYES, District Judge.

The defendants move to dismiss this action for that Coble Dairy Products Cooperative, Inc., hereinafter referred to as Coble, a North Carolina corporation, is a necessary and indispensable party, and if a party, diversity of citizenship would not exist and the court has no jurisdiction. The defendants are citizens of North Carolina.

On May 21, 1958, Coble sustained a loss by fire caused by the alleged negligence of the defendants. Coble carried insurance against loss by fire with plaintiff on its buildings and machinery and it paid the full amount of this loss to Coble, to wit, $20,589, for the recovery of which plaintiff brought this action.

Coble carried insurance on certain personal property with Merchants and Business Mens Mutual Insurance Company and the Northwestern Mutual Insurance Company. The total loss to Coble on these items was $6,827.09, for which it received full pay, $6,230.50 from Merchants and Business Mens Mutual Insurance Company and $596.51 from Northwestern Mutual Insurance Company. Coble carried another policy for damages arising from interruption of its operations. It filed a claim with the insurer in the sum of about $23,000, and has been negotiating for a settlement at $20,-000. The policy is in amount more than enough to cover the loss. This insurance carrier has not admitted its liability. Coble, therefore, had an outstanding claim against the defendants and its insurance carrier when this action started and which subsists at this time.

Since all these damages arose from one tort (one fire), can one insurance carrier sue for its portion of damages without joining the others who have an interest therein, and especially without the joinder of Coble?

The tort, if any, was committed against Coble and only one cause of action arose in which Coble could recover only once for its entire damages. Does its right to recover change by an insurance carrier paying a part of this loss?

■ The tort was committed in North Carolina and the substantive law of this state indicates that a cause of action in tort arises in favor of the injured party and as long as he has an outstanding unsatisfied claim for damages against the wrongdoer, an action to recover must be maintained by the injured party.

The factual situation here is almost parallel to the facts in Southeastern Fire Insurance Company v. Moore, 250 N.C. 351, 108 S.E.2d 618, 620. There the insurance carrier paid $461.96 of $511.96 damage to a car under a $50 deductible provision of its policy. It took from the insured a loan receipt for the $461.96 and appointed the insurance carrier her agent to collect the claim and to prosecute an action. The carrier sued the tort-feasor without joining the insured. At the close of the evidence the court granted a nonsuit which was affirmed on appeal. The court held that the insurer is not authorized to maintain the action in its own name and further held that the ruling of the court below was sustained "for that the plaintiff has attempted to split an indivisible cause of action and sue in its own name." See also McIntosh, N.C. Practice and Procedure, Vol. 1, Pages 318–320.

■ The loan receipt which plaintiff took from Coble is as follows:

"Loan Receipt
$20,589.20
Lexington, N. C. June 10, 1958
"Upon Receipt From Pennsylvania Lumbermens Mutual Company Twenty thousand five hundred eighty nine and 20/100–Dollars as a loan and repayable only to the extent of any net recovery I/We may make from any person or persons, corporation or corporations, on account of loss by Fire to our property on or about May 21, 1958.

"As security for such repayment I/We hereby pledge to said Pennsylvania Lumbermens Mutual Ins. Co. the said recovery and deliver to it all documents necessary to show my/our interest in said property, and we agree to enter and prosecute in my/our name, suit against such person or persons, corporation or corporations, on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said insurance company.

"I/We certify that no settlement has been made by me/us with any person or persons, corporation or corporations, who may be responsible for said loss. Any money paid me/us by any other participant in loss is held in trust pending instructions by Insurance Company.

"Coble Dairy Products Cooperative, Inc.
"By—(s) D. L. Redfern
"President"

It follows that the plaintiff cannot maintain this action in its name, and it is dismissed.

■ In view of this disposition for the above reasons, it is not necessary to go into the additional parties and align them according to their present interest. Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558. Coble is an indispensable party plaintiff to maintain this action, and, being a citizen of North Carolina, cannot maintain it in this court against the defendants, also citizens of North Carolina, because no diversity of citizenship exists and this court is without jurisdiction.

United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, on which plaintiff relies is inapplicable to this case. Diversity of citizenship was not the basis of jurisdiction.