RALPH E. BRIGGS TEXTILE CO., Majestic Mills, Inc., Tiedeman & Sons, Inc., Mount Vernon Mills, Inc., Plaintiffs,

v.

ALLIED PRODUCTS CORPORATION, d/b/a Kerr/Renfrew Bleachery, et al., Defendant.

No. C.A. 80–2085–3.

United States District Court,
D. South Carolina,
Greenville Division.

Jan. 11, 1982.

ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

This is an action which was originally brought in state court on behalf of ten named

plaintiffs. Thereafter the defendant removed this case to United States District Court. The case first came before this Court pursuant to the plaintiffs' motion for voluntary dismissal. At that time, the plaintiffs' motion was resolved by consent order dated October 5, 1981 whereby, for the purpose of simplifying the proceedings, the parties agreed to proceed with four named plaintiffs, holding the remaining plaintiffs' cases in abeyance.

The defendant has now come before the Court pursuant to Rule 17(a) and Rule 19(a) of the Federal Rules of Civil Procedure to join as parties plaintiffs the insurance carriers for both the four named plaintiffs and four of the remaining plaintiffs whose actions have been held in abeyance in accordance with the foregoing order.

The plaintiffs oppose the defendant's motion based upon two grounds. First, the plaintiffs claim that the joinder of the insurance companies would contravene the foregoing consent order of October 5, 1981. Secondly, the plaintiffs claim that under the applicable rules and substantive law of the State of South Carolina the insurers of the four named plaintiffs may not be joined in this action.

It is clear from the October 5, 1981 order of this Court that the intention of the parties and Court was to proceed with simplified issues of the facts and law focused upon the circumstances of the fire which caused the subject losses and the contractual status of two categories of plaintiffs, one of which had executed a price quotation and one of which had not. For this purpose, the plaintiffs and the defendant were each to choose one plaintiff from each of the two foregoing contractual categories upon which the case would proceed at this juncture. This simplified procedure, as jointly submitted to this Court by the parties, obviously had merit and, upon the plaintiffs' abandonment of their motion for voluntary dismissal, was approved and confirmed by this Court pursuant to consent order.

The defendant's motion to now add seven insurance companies would obviously be contrary to the purpose and spirit of the procedure set forth in the previous consent order of this Court and, therefore, the defendant's motion must be denied. The defendant's contention that it had always intended to seek the joinder of the insurance carriers and that such intention was made known to counsel for the plaintiffs is not enough to abrogate the purposes of the previous order of this Court. Counsel for both parties previously agreed to simplify this case by proceeding with four named plaintiffs and in reliance upon this agreement, counsel for the plaintiffs abandoned their motion for voluntary dismissal. This case will therefore proceed in accordance with the previous agreement of counsel as confirmed by Court order with the four named plaintiffs.

The foregoing ruling is not inconsistent with the applicable Federal Rules of Civil Procedure and substantive law.

■ Without the agreement by counsel to proceed with four named plaintiffs, it is clear that whether or not a real party in interest should be joined in this action involves a procedural matter for which the Federal Rules of Civil Procedure are controlling. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). However, the determination of whether or not a party is a real party in interest and has the right to enforce the claim in question must be determined under the applicable substantive law. *White Hall Building Corp. v. Profexray Div. of Litton*, 387 F.Supp. 1202 (E.D.Pa.1974). Here where no Federal right is claimed, the applicable substantive law is the law of the State of South Carolina.

■ At the hearing on the defendant's motion, information was supplied to the Court with regard to Federal Insurance Company which had insured three of the four named plaintiffs and Continental Insurance Company which had insured the remaining plaintiff.[1] The issue, therefore, concerns the legal status of Federal Insurance Company and

---

1. Subsequent to the hearing, information was supplied to the Court with regard to Royal Insurance Company which had apparently provided a relatively small portion of the coverage for Ma-jestic Mills, Inc. Those matters pertaining to this third insurance carrier are discussed later in this order.

Continental Insurance Company who paid monies to their insureds for substantial losses which were incurred as a result of a fire at the Kerr Bleachery at Concord, North Carolina. It is significant that the payment of these funds to plaintiffs was made pursuant to "loan receipts" rather than on the basis of a subrogation or other type of receipt. The wording of these "loan receipts" is dissimilar to that of the subrogation receipts involved in *Virginia Electric & Power Company v. Westinghouse Electric Corp.*, 485 F.2d 78 (4th Cir.1973); *Pinewood Gin Company v. Carolina Power and Light Company*, 41 F.R.D. 221 (D.S.C.1966) and *Edwards, Inc. v. Arlen Realty and Development Corp.*, 466 F.Supp. 505 (D.S.C.1978) and these cases are therefore not controlling here. The appropriate inquiry here is whether or not the substantive law of the State of South Carolina vests an insurance company with the legal right to enforce the claims in question. Such law clearly does not bestow an insurance company with such right.

In *Phillips v. Clifton Manufacturing Company*, 204 S.C. 496, 30 S.E.2d 146 (1944), the South Carolina Supreme Court unanimously adopted the decision of Justice Brandeis in *Luckenbach v. W.J. McCahan Sugar Ref. Co.*, 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170 (1918) as the law of the State of South Carolina with regard to loan receipts. This adoption of the federal common law which approves the use of loan receipts and the enforceability of them in accordance with their own terms has since been periodically reaffirmed by the South Carolina Supreme Court. See, *Adcox v. American Home Assurance Company*, 258 S.C. 331, 188 S.E.2d 785 (1972) and the cases cited therein.

*Phillips* cites the following statement of Justice Brandeis in the *Luckenbach* decision:

"*** The carrier insists that the transaction, while in terms a loan, is in substance a payment of insurance; that to treat it as if it were a loan, is to follow the letter of the agreement and to disregard the actual facts; and that to give it effect as a loan is to sanction fiction and subterfuge. But no good reason appears either for questioning its legality or for denying its effect. *** It is creditable to the ingenuity of business men that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice."

*Phillips*, 204 S.C. at ——, 30 S.E.2d at 148; *Luckenbach*, 248 U.S. at 148–49, 39 S.Ct. at 55.

██ Thus the relevant inquiry leads to the final issue as to whether or not the application of the principles of *Luckenbach* bestows Federal Insurance Company and Continental Insurance Company with the legal right to enforce the claims in question pursuant to the loan receipts executed by their insureds. Such analysis clearly indicates that the insurance companies have not been made real parties in interest.

The facts in this case and the logic of this Court applicable to those facts is similar to those expressed by Judge Newcomber in *White Hall*, supra. There, after determining that the substantive law of the Commonwealth of Pennsylvania likewise follows *Luckenbach*, Judge Newcomber found that the relevant law was to the effect that:

... [A] transfer between insurer and insured by way of a loan receipt insulates the insurer from burdens it would incur from outright payment. By the same reasoning, it would seem that a loan receipt should not entitle the insurer to *benefits* of outright payment, such as the right to bring suit as a subrogee.... In such case, under the traditional test of Rule 17(a), the insurer would not qualify as a real party in interest, and a motion like defendant's in this case to join Potomac and General Accident would have to be denied.

387 F.Supp. at 1205–06.

Judge Newcomber went on to find that a denial of the defendant's motion "would in no way serve to undermine Rule 17(a) or its underlying purposes". *White Hall*, 387 F.Supp. at 1206. Finally, the Court determined that an insurer was not a necessary or indispensable party pursuant to Rule 19(a). This Court finds that the logic and reasoning of Judge Newcomber in *White Hall* is controlling here and that Federal Insurance Company and Continental Insurance Company did not have the legal right to enforce the

claims in question in this case and are therefore not real parties in interest.

The defendant finally contends that the loan receipt is only a matter of form and that the Court should look to the substance of the issues before it rather than to the form of payment. Form is, of course, all that anyone is talking about and it may be that defendant wishes the insurance carriers to be named as parties in this case as a matter of form for what appeal this might ultimately have to a jury. As noted in *White Hall:*

> In all candor, this Court can discern no reason for (defendant's) motion to join the insurance companies here other than to gain the possible advantage at trial which the presence of the insurance companies on the Plaintiff's side might lend. This Court is not inclined to aid such strategy. At its worse, this prejudice that might result from the insurers' joinder could result in complete denial of recovery to plaintiff and the insurers. On a lesser level, this prejudice could result in a reduction of damages, in which case the full effect of the prejudice would fall on the plaintiff alone, since the insurers have first lien on any recovery obtained.
>
> 387 F.Supp. at 1206.

This Court notes with favor the sentiments of Judge Hemphill in *Arlen, supra,* when he most reluctantly added the insurance carriers as real parties plaintiff on the basis of a subrogation receipt in accordance with the dictates of *Virginia Electric, supra.* Here, this Court is not bound by the law applicable to subrogation receipts as set forth in *Arlen* and *Virginia Electric* but is controlled by the law applicable to a loan receipt as set forth in *Phillips, Luckenbach* and *White Hall.* Likewise, the defendant is controlled by its previous agreement, as confirmed by consent order, whereby it agreed that this case would proceed in the name of two plaintiffs designated by counsel for the plaintiffs and two plaintiffs designated by counsel for the defendant. This Court therefore will not name additional insurance carriers as real parties plaintiff.

Finally, long after oral arguments were made the parties located a subrogation receipt issued to Royal Insurance Company for a relatively small portion of the Majestic Mill's loss. Apparently this receipt had been produced during discovery together with a great many other documents and was therefore in the possession of counsel for both parties at one time or another but they were not aware of it at the time of hearing. It is without consequence. The Court has three choices with regard to the claim of Royal Insurance Company: (1) Joining Royal Insurance Company as the only additional party plaintiff with appropriate amendment to the Complaint alleging Royal Insurance Company's claim; (2) Dismissing the claim of Royal Insurance Company so that it may be brought in a separate action here or elsewhere; (3) Proceeding with the case as is with the four named plaintiffs as provided in the Court's earlier order. This small portion of the claim of Majestic Mills, Inc., whether or not timely presented, should not make a case simplified by a consent order more complex. In light of the silence on behalf of both parties at time of hearing with regard to the subrogation receipt, plaintiff has indicated that it does not object to omitting these damages and bringing the Royal Insurance Company's case in another action elsewhere. Therefore, the Court gives the defendant the option of selecting the second and third choices as set forth above. The Court does hereby provide the defendant with the choice of requiring the plaintiffs to separate the Royal Insurance claim from the current action without prejudice to Royal Insurance Company's right to bring such action here or elsewhere in accordance with its subrogation receipt or proceeding with the case in its current status.

Accordingly, the defendants' motion to add insurance companies as real parties in interest after making certain payments to their insureds pursuant to loan receipts is denied, provided that upon application, the claim of Royal Insurance Company will not be included in the current action, but dismissed, without prejudice, and with leave granted to Royal Insurance Company to bring such actions separately here, or elsewhere, in accordance with its subrogation receipt.

IT IS SO ORDERED.